**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-60301
Summary Calendar

_____

CONWAY PHILLIPS, JR.,

Petitioner,

versus

UNITED STATES PAROLE
COMMISSION,

Respondent.

_____

Appeal from the Determination of the
United States Parole Commission
(18 U.S.C. § 4106A)

_____

April 7, 1999

Before JOLLY, SMITH, AND WIENER, Circuit Judges.

PER CURIAM:[*]

Conway Phillips, a/k/a Jihad Aziz Bihal, was arrested in Mexico and convicted of transporting marijuana. A Mexican court sentenced him to serve 10 years. Pursuant to the United States-Mexico Treaty on the Execution of Penal Sentences,[2] Phillips was transferred to the United States to serve his sentence. After the transfer, the Parole Commission (the "Commission") held a hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Treaty on Executions of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399, T.I.A.S. No. 8718 ["Treaty"].

to determine his release date and ordered Phillips to serve 52 months based, in part, on its determination that Phillips had been arrested transporting 89 kilograms of marijuana, as reflected in the Mexican sentencing documents. Phillips appeals the Commission's release date determination, challenging the Commission's finding concerning the quantity of drugs involved in his offense. We affirm.

## I. Standard of Review

We review de novo the Commission's determination of the release date for a prisoner transferred to the United States under the Treaty.[3] "We will uphold the sentence unless it ‹was imposed in violation of law [or] imposed as a result of an incorrect application of the sentencing guidelines,' or ‹is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.'"[4] We review the Commission's factual findings under the clearly erroneous standard.[5]

## II. Merits

Phillips primarily contends that the Commission incorrectly allocated to him, rather than to the government, the burden of proof regarding the quantity of drugs and, consequently, improperly discounted the evidentiary value of a copy of an undated document

---

[3]Molano-Garza v. United States Parole Comm'n, 965 F.2d 20, 23 (5th Cir. 1992).

[4]United States v. Navarrete, 34 F.3d 316, 318 (5th Cir. 1994) (quoting 18 U.S.C. § 3742(e) & (f)).

[5]Id.; 18 U.S.C. § 3742(e).

**2**

sent by facsimile from the U.S. Consulate to Robin Page,[6] after Phillips's arrest indicating that Phillips's offense involved his possession of only 40 kilograms of marijuana.

The government responds that, under the Treaty[7] and its implementing legislation,[8] the Parole Commission has no authority to review a finding of fact of the Mexican court — namely, that Phillips was guilty of possessing 89 kilograms of marijuana. The government asserts in the alternative that, even if the Commission was not precluded from entertaining Phillips's challenge to the Mexican court's findings of fact, the Commission's determination that Phillips's possessed and transported 89, rather than 40, kilograms was not clearly erroneous. As a corollary to this latter argument, the government asserts that Phillips's contention that he should not bear burden of proof on the quantity issue is simply an attempt to execute an end run around the clearly erroneous standard under which this Court reviews the Commission's findings of fact. Because we agree with the government that the Commission's finding

---

[6]Ms. Page appears to be Phillips's fiancee, though the record is unclear on this point.

[7]See Treaty, art. VI ("The Transferring State shall have exclusive jurisdiction over any proceedings, regardless of their form, intended to challenge, modify or set aside sentences handed down by its courts."), art. II ("That no proceeding by way of appeal or of collateral attack upon the offender's conviction or sentence be pending in the Transferring State and that the prescribed time for appeal of the offender's conviction or sentence has expired.").

[8]18 U.S.C. § 3244 (Under prison transfer treaty, "the country in which the offender was convicted shall have exclusive jurisdiction and competence over proceedings seeking to challenge, modify, or set aside convictions or sentences handed down by a court of such country.").

3

that Phillips's possessed 89, rather than 40, kilograms of marijuana was not clearly erroneous, we find it unnecessary to address the scope of the Commission's authority to review a transferring court's findings of fact.

There was a surfeit of evidence from which the Commission could determine that Phillips had been convicted of possessing 89 kilograms of marijuana. First, the official statements of the arresting officers indicated that they had found 89 kilograms of marijuana in the vehicle Phillips had been driving. Second, the Mexican sentencing court made a specific finding that Phillips had possessed 89 kilograms of marijuana. Third, there is a report prepared by Mexican prison authorities that includes a brief statement in Spanish purporting to be Phillips's version of the offense that translates to "50 kilograms and another 40 kilograms in the tires."[9] Finally, at the time of, and as a precondition to, his transfer, Phillips stated that he "agree[d] with the Government's version" of his conduct and that he "ha[d] no objections to the evidence accepted by the Mexican court."

Arrayed against this evidence is but a single unauthenticated, undated document that provides no information regarding the source of its contents or even regarding the author of the document. In light of all of the evidence, the Commission's finding that Phillips was convicted for possessing 89 kilograms is not clearly

---

[9]The government suggests that, perhaps, only the 40 kilograms of marijuana found in the tires was reported to the U.S. Consulate, thus explaining the discrepancy between the Mexican court's finding and the document sent by facsimile from the consulate.

erroneous.[10]

AFFIRMED.

---

[10]Phillips additionally asserts that a Commission examiner made inconsistent statements regarding the quantity of drugs involved in his offense when determining the guideline range and setting the release date within that range, making review of Phillips's release date impossible. Phillips's assertion is meritless. The examiner explicitly stated that he found that Phillips had been convicted of possessing 89 kilograms and, accordingly, set Phillips's base offense level as 24. See U.S.S.G. § 2D1.1(c) (establishing base level 24 for offense involving at least 80 kilograms but less than 100 kilograms of marijuana). In addition, the hearing summary, which was reviewed and approved by the examiner, stated that the examiner was not persuaded by the documentary evidence submitted by Phillips regarding the quantify of marijuana, but rather accepted the 89 kilogram finding of the Mexican sentencing court. It is clear beyond doubt that the Commission found that Phillips was convicted of possessing and transporting 89 kilograms of marijuana.